The first case on the call of the docket is agenda number one. Case number one, two, three, eight, four, nine. People of the State of Illinois v. Ricky Robinson. Mr. Michael Gomez, please begin. Good morning, Your Honors, Counsel, and may it please the Court. My name is Michael Gomez from the Office of the State Appellate Defender, and I'm here on behalf of my client, Ricky Robinson. There is a possibility that Mr. Ricky Robinson is actually innocent of the murder of Nicole Giles. The question before this Court is not whether Mr. Robinson should be released from prison or not even whether he's entitled to a new trial. No, the question before this Court is whether the affidavits of three new witnesses who placed State's witness, Leonard Tucker, with a rifle in his hand immediately after the shooting of Nicole Giles, who placed State's witness, Leonard Tucker, in the same kind of car that Giles drove on the night of her murder at the site of the disposal of that very murder weapon, and who placed State's witness, Leonard Tucker, at a gas station, filling up a gas can, confessing to the murder the night before, saying he needed to tie up some loose ends just one hour before Nicole Giles' body was found burning in a garbage can, whether those affidavits are enough to allow Mr. Robinson to file his successive post-conviction petition just to raise his claim, whether those affidavits are enough to entitle Mr. Robinson to an attorney who can investigate his claim and perhaps substantiate it with even more support. Now, given the appellate court's decision and the State's argument on appeal, it's easy to lose sight that we're at the leave to file stage, that it's easy to lose sight that Mr. Robinson was proceeding pro se, that he didn't have an attorney who was investigating his claims, who had submitted any pleading on his behalf. And given the appellate court's decision to review each individual affidavit separately and determine that none of them exonerated Mr. Robinson because they provided circumstantial evidence, those are not the standards, and that's not the analysis that is applicable at this stage. So it's necessary to clarify some of the applicable legal principles. While the State doesn't engage in any direct discussion on the law, the State's factual arguments are based on the same incorrect legal standard and flawed legal analysis as the appellate court in this case, an analysis that contravenes this court's well-established precedent, such as that there is no difference between direct and circumstantial evidence. That has been this court's longstanding precedent. There is no such difference. And that we look at all of the evidence together, the decision whether to grant leave to file in an extra innocence claim looks at all of the evidence together, not individually, not knocking out each one individually and never performing a separate analysis, a cumulative analysis of the new evidence together. And finally, that the standard at this stage, which the State does not contest, is not total vindication or exoneration. It's simply whether the defendant raises a probability that it's more likely than not that no reasonable juror would convict him in light of the new evidence. Now, this is a much lower standard than the substantial showing that is required at the second stage, where the leave to file stage only has to present a colorable claim. And the type of evidence that Mr. Robinson has put forth here, which is identifying an entirely different offender, it's not just impeaching the State's evidence, it's not just conflicting with the State's evidence, it's identifying an entirely different offender. It is that type of evidence that allowed this court to order a new trial in People v. Ortiz. And moving on to the affidavits in this case. Mr. Gomez, you are not arguing that the trial court need only look at the pleadings of the defendant in this case, are you? Your Honor, according to this court's ruling in People v. Edwards, the trial court, in making the determination of whether the defendant raises a colorable claim, looks at the successive post-conviction petition and the supporting documentation, which in this case, Mr. Robinson set forth three affidavits from uninvolved witnesses, including his own affidavit, which provides context for his confession at trial. No. So again, just to clarify for myself, you are saying you look only at what the defendant filed without regard to the record in the case? No, Your Honor. This court does take, in conducting its conclusive character analysis at the third prong of the actual innocence test, this court does look at the State's evidence at trial to determine whether the new evidence places that evidence in an entirely new light and undercuts the confidence in the factual correctness of the verdict. At the end of the day, at the third stage evidentiary hearing, the circuit court will determine whether the new evidence is sufficient to warrant a new trial. How does the fact that the defendant in this case confessed inform or not inform the analysis? It certainly factors into the analysis because it was part of the State's case. It's important to note that the State's case tying Mr. Robinson to this particular offense consisted entirely of incriminating statements. Yes, through Mr. Robinson's court-reported confession and through three other State's witnesses who testified that he made incriminating statements. There's no other physical evidence tying Mr. Robinson to the offense. There's nothing else tying him to the offense. The three new witnesses who have come forth with affidavits provide eyewitness accounts that provide strong circumstantial evidence. In one case, it's technically circumstantial evidence, but it's almost correct. In Andre Mammon's affidavit, he says that a few days after Christmas in 1997, he was with his father and three other women and heard a loud gunshot and saw a bright flash. He turned his head immediately and saw Leonard Tucker with a rifle in his hand shoving it into the back seat of a car. It wasn't that he saw him passing it to someone else or receiving it from someone else. Immediately after the gunshot, it was Leonard Tucker who had the rifle in his hand. That is extremely strong circumstantial evidence that Mr. Tucker was the one who shot and killed Nicole Giles. Counsel, does the confession and the detail that's found in the confession positively rebut the affidavits? No, Your Honor. As this court has stated in Peeble v. Gilliam, a confession is just one piece of evidence, an entirely circumstantial piece. Evidence can only, I know allegations can only be positively rebutted by some sort of verifiable fact of record that does not depend on credibility determination. If the existence of a fact is dependent upon the jury, the trial of fact, making some sort of credibility determination, this court's well-established precedent states that that determination cannot be made at this stage. So a confession, like any other evidence, the jury would still evaluate it. And even though a confession may be voluntary, the defendant can still present evidence to rebut the truth of the confession, despite its voluntary nature and despite its admissibility. So although Mr. Robinson did confess in this case, and it will factor into the court's conclusive character analysis, it does not positively rebut any allegation, particularly of these three eyewitnesses, Andre Merritt, who saw Lenny Tucker with the gun in his hand. Mr. Gomez, if we reject the allegations contained in the affidavit, does that mean we're actually making improper credibility determinations? Yes, Your Honor. At this point, there is nothing in these affidavits that is positively rebutted by the trial record. Now, the appellate court did find that these allegations were rebutted simply because they conflicted with the trial evidence. This is an actual innocence claim. All new evidence will conflict with the trial evidence. That's the nature of the claim. That is insufficient under this court's well-established precedent to positively rebut any of the allegations. Donald Shaw, and this is the important part of the analysis, requires the court to look at all of the affidavits and all of the new evidence together, because it's not just Andre Mammon's strong circumstantial evidence that he saw Lenny Tucker with the rifle at the time of the shooting. It's also Donald Shaw who corroborates Andre Mammon's observations. It was Lenny Tucker in a car similar to the one that Nicole Giles owned on the night of her murder. He saw him with two other gentlemen. And he saw Lenny Tucker with a rifle and where someone disposed of it at the site where it was later recovered. And all of this was corroborated the next day when Tavares Hunt Bay saw Lenny Tucker, the state's witness Lenny Tucker at a gas station just an hour before Nicole Giles' body was found burning in a garbage can. He was filling up a gas can, and he confessed to the murder. He confessed that he had killed the sister of a conservative vice lord the night before under a viaduct, which is precisely where Ms. Giles was shot and killed. Now, all of this evidence taken together provides a strong circumstantial evidence that places the state's evidence in a new light. And Mr. Robinson did put forth his own affidavit, which this court should also take as true. In taking this truth, there's nothing that positively rebuts Mr. Robinson's affidavit. So you're saying that the confession with this detail does not rebut the information that the defendant is presenting? Is it just a conflict in testimony or evidence that's been presented? What is rebuttal of what you're presenting? Certainly, Your Honor. Positive rebuttal under this court has never been precisely defined. Positive rebuttal, judging based on the context of this court's decisions, can only happen where the new allegation is positively rebutted by a verifiable fact of record. So there's something that does not depend on any jury or trial of fact making a credibility determination such as physical evidence. Physical evidence does not require that type of credibility determination. In People v. Sanders, this court found, although there were many conflicts between the new evidence and the trial evidence, this court found only the portion that was rebutted by the physical evidence was positively rebutted and refused to take that allegation as true. The rest of the allegations on support of the actual innocence claim, this court took those as true, as it must. This is not a new rule that Mr. Robinson is trying to advance. These are well-established legal principles that apply, not only at the leaf to file stage, but at any stage before the third stage evidentiary hearing. And although Mr. Robinson's confession was detailed, that is something that a trier of fact can later weigh whether it would like to accept Mr. Robinson's reasons for not having come forward with this new information sooner. And he does detail in his affidavit that he was a member of a gang that he grew up. He was 18 years old at the time of this event. He was under pressure. He voluntarily went to the police station, and after Detective Michael McDermott had spoken with several other witnesses, then finally this court-reported conviction occurred. He did say he was a member of a gang at that time. He was under a code of silence, and he was in fear of retaliation and cooperating with police officers. So all of those are changes in circumstances that are new to Discover, and that do allow him to put forth this affidavit now in support of his claim. But this claim is not supported only by his affidavit. It's these three witnesses' affidavit. He could have not just submitted his own affidavit in support of his claim. It's important that it's the three witnesses who make up the claim, and he is providing further context for why he did not put forth his own affidavit sooner. If there are no further questions, we ask that this court grant Mr. Robinson the mere opportunity to bring this case forward. Thank you, Mr. Gomez. Ms. O'Connell? May it please the Court, Counsel, and Assistant Attorney General, on behalf of the people, I'd like to clarify that there are two separate issues here. Oh, I'm sorry. Could you give your name, please? Yes, I'm sorry. Erin O'Connell. Thank you. On behalf of the people. There are two separate analyses that the court has to engage in. One is the question of, is there evidence here that rebuts the allegations in the affidavits? If something is affirmatively rebutted, then the court does not need to take it as true. However, the court, once it does that analysis, then has to ask the question of whether Petitioner has set forth a colorable claim of innocence. And one of the elements of that claim is that the evidence is of such conclusive character that it would likely change the result on a retrial. And it's that analysis at which Petitioner's claim really fails here. So the court need not disregard the affidavits he submitted, but the court must, according to its established precedence, weigh all of the evidence, the new evidence against the trial evidence, to answer the question of whether he has shown a sufficiently conclusive claim of innocence to file. And I would emphasize here, this is a successive post-conviction petition, which this court has recognized as disfavored. So the court has said in People v. Edwards, we're not looking at the first stage here. He has to meet a higher burden to file a successive petition. And Edwards set forth clearly what that claim has to be. It has to be colorable with respect to every element of the claim, including the element that it raised the probability that it is more likely than not that no reasonable juror would convict. And at that analysis, Petitioner's confession should weigh heavily. This court does not typically review innocence claims where the petitioner has given such a detailed, corroborated confession that he is not even alleging at this point was in any way coerced by law enforcement. The court, he's not contesting that this would be admissible at a retrial. So at a new trial, would a juror credit Petitioner's confession in light of the affidavits that he submitted? In this analysis, are we supposed to make credibility determinations? No. So the court's made clear that what can't happen is the court can't simply reject a witness as incredible or a type of evidence as insufficiently reliable. So that would be, for example, the state has argued recantations are inherently unreliable. The court has said it's not proper to make that determination at the pleading stages of a post-conviction proceeding. But importantly, where the court is confronting a claim of innocence is not weighing credibility. It's looking at the probabilistic effect of all of the evidence together on the jury who's heard all of it and whether that evidence is sufficiently conclusive. So it's within the context of analyzing the claim that this really becomes significant. So we're not asking the court to say that these three witnesses are not credible because of their circumstances or because of the delay in their coming forward. Rather, the court just considers whether these individuals' circumstantial testimony tending to implicate a state witness is sufficiently conclusive without looking at the credibility, just weighing that in terms of all of the evidence. And Petitioner has conceded here today that the court has to consider the trial testimony in making this determination. The court has done that in its cases. It did so in Edwards. It looked at the trial testimony, said the new affidavit was not sufficiently conclusive. It did it in Sanders, where the court specifically said that the lower courts had erred by looking at credibility. But it nevertheless affirmed the second-stage dismissal of a claim of innocence because it found that the evidence there, viewed in the totality, was not so conclusive that no reasonable juror would convict the petitioner at a new trial. So I just wanted to be clear and distinguish between the credibility determination and the analysis of a claim of innocence, which requires that the court consider not just the affidavit here, but all of the testimony as presented. And certainly the centerpiece of the state's case was his extremely lengthy and detailed confession, but importantly, that confession was corroborated in nearly every respect by independent evidence. So for example, Petitioner in his own confession admitted to his out-of-court statements to other state witnesses, to which he had also admitted his culpability. When those witnesses were interviewed and they testified at trial, they confirmed that that was the case that Petitioner had, in fact, the day after the murder, or even the night of the murder, confessed to them his role in the offense. And therefore, this is a particularly strong, corroborated confession. And again, the court has to consider that in weighing the conclusiveness of Petitioner's new evidence. And the court can, I mean, we've made various arguments about what's rebutted by the record, what might be inadmissible at a new trial, but the court need not reach those issues because it can consider all the, every element of the affidavit, even if it's admissible, would not be sufficiently conclusive that any reasonable juror would choose not to credit this Petitioner's confession. According to your analysis, should the standard be that actual innocence would require total vindication or exoneration? I don't think this court has ever used those words, which is why we're not pressing that standard here. I know it's come out in some appellate court cases. I would just use the standard set forth in Edwards because the standard there is difficult to meet, to be sure, whether it raises the probability, again, more likely than not, that no reasonable juror would convict the defendant. So regardless of whether, what the court's view is of the total exoneration standard, that's a stringent standard that this Petitioner has to meet, and he's failed to do so in this case, particularly in light of his confession and the other evidence. And one final point I wanted to make, in terms of what it means to take as true an allegation in an affidavit, to the extent it wasn't clear in the briefing, this court has previously reasoned on that issue in Coleman, the 1998 case, that what that means is that the court simply assumes that the witnesses would testify as such. And I just wanted to be sure to give the court a citation to that case, 183, L2, 366, at page 403, where the court makes clear that that is the appropriate analysis. The court doesn't need to assume that these witnesses would be credited over the state's evidence in a new trial. And even considering all of it here, there is no probability that any reasonable juror would not convict in light of this petitioner's confession. So we'd ask the court to affirm the denial of leave to file this excessive PC. Thank you, Ms. O'Connell. Mr. Gomez? Your Honor, the secrecy that this court should follow, it's the standard set forth in Edwards, and said that that standard is very difficult to meet. The standard in its brief cited, People v. Coleman, which is a third-stage evidentiary hearing saying that an actual innocence standard is very difficult to meet. It is at the third-stage evidentiary hearing. In Edwards, this court said that a defendant only has to set forth a colorable claim of actual innocence to entitle him to file a petition. Again, it cannot be stressed enough that the only remedy we're seeking is the ability to file a petition. The standard is low. The defendant is operating pro se, not with any assistance of counsel. He has not even had counsel to investigate his claim and substantiate it with other affidavits that may be out there. And the affidavits he did get, let's not lose sight of the fact that these are three eyewitnesses. The state's case at trial consisted primarily of incriminating statements, whether they came from the defendant in his court-reported confession or from the other three witnesses, all of whom were implicated in the offenses themselves. These are not just three passers-by who the defendant confessed to. These are three witnesses, all of whom were involved in the offense. One of those witnesses, state's witness Leonard Tucker, is the one who is now being identified as the shooter, as the murderer of Nicole Goss, as the one who burned her body, as the one who confessed to her killing to a close acquaintance at a gas station an hour before her body was found burned. This court must take those allegations as true. And it's not just to give that directive any meaning. It's not that these witnesses would testify to that, but that this court must assume the truth. As Black's Law Dictionary states, truth is a factual assertion and the accuracy of that assertion. This court must presume those allegations as true because there are no credibility determinations that are allowed at this stage, at the first or second stage. Credibility determinations may only be made at the third stage. And if this court were to reject the truth of any of the new allegations, that would constitute an impermissible credibility determination. But that is exactly what the state asked this court to do. In asking this court to reject or to deny Mr. Robinson, leave to file his claim, the state is asking this court to say that the state's evidence at trial is more believable than Mr. Robinson's new allegations. But that is not the standard, and that's not the analysis. Now, in support of this argument, the state constantly uses words like way and what is strong and corroboration. Those words indicate a credibility determination and an analysis that this court cannot engage in at this stage. It's also important to note that the state's evidence also corroborates Mr. Robinson's new allegations. The state makes a lot about the credibility determination and the fact that Mr. Robinson's court-reported confession was corroborated by the state's evidence, which was just other people saying that he confessed. The state's evidence also corroborates the new evidence, that it was Lenny Tucker, the one who shot and killed and burned Nicole Gattas. It was Lenny Tucker who was found with a box of ammunition that matched the rifle that was recovered. That was a suspected murder weapon in this case. It was Lenny Tucker who was found with the victim's pager in his possession. Mr. Robinson was not found with any physical evidence in his possession. There was no physical evidence tying him to this offense. It was Lenny Tucker who was pulled out from school by Detective Michael McDermott and was told that he was a suspect in this murder. And Michael McDermott told him that while Tucker may have done something, they would rather have his cooperation. And only then did Lenny Tucker cooperate with the police and put forth Mr. Robinson's name as the offender. That's the context of the state's evidence. There's nothing that positively rebuts the new allegations and there's nothing that would prevent this court from taking any of those allegations as true. Let me ask a question about the original trial. What was the theory of defense in the trial? All the evidence that you just mentioned, I assume that all came out and was argued before the jury, correct?  And yes, that was the theory of defense, was holding the state to its burden of proving the defendant guilty beyond a reasonable doubt. And attacking Tucker's credibility? Yes, that was part of the defense theory. And how did the defense address the 70-page confession? I do not recall at this moment. I do not recall that fact at this moment. But Mr. Robinson has alleged in a previous post-conviction petition that the confession was coerced. He generally alleged it in the post-conviction petition now. And this new evidence does not just undermine Mr. Tucker's credibility. It affirmatively identifies him as the shooter. And I think that fact distinguishes it from this court's decision in Sanders where there wasn't an identification of a new offender. Identification of a new offender plus impeachment of state's evidence at trial is exactly the type of evidence that supports an actual innocence claim. So we ask this court to follow its long-standing precedent of requiring a low threshold at this stage of requiring a culpable claim of actual innocence and allowing Mr. Robinson to file this petition to merely raise its claim. Thank you, Mr. Gomez. Case number 123849, People of the State of Illinois v. Ricky Robinson, is taken under advisement as agenda number one. Mr. Gomez and Ms. O'Connell, thank you very much for your arguments today.